IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------

NICOLE CHAPMAN, *individually and on*
*Behalf of all others similarly situated*                 :

                        Plaintiff,                 :

                               :      Civil Action No.: _____

      v.                 :

                               :      **JURY TRIAL DEMANDED**

A + HOME HEALTH CARE, LLC                 :
d/b/a A + HOME CARE                 :

                     Defendant.                 :

---------------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Nicole Chapman ("Plaintiff") hereby brings this action against Defendant A + Home Health Care, LLC d/b/a A + Home Care ("Defendant"), and alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this complaint contending that Defendant has unlawfully failed to pay her and other similarly-situated individuals employed in the position of Home Health Aide ("Class Plaintiffs") overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2.      Plaintiff is an employee of Defendant who was employed in the position of Home Health Aide. During the course of their employment, Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek. In this regard, Plaintiff

contends that Defendant unlawfully misclassified Plaintiff and Class Plaintiffs as independent contractors under the FLSA and PMWA, and failed to accurately track and pay them for all hours worked. Accordingly, Plaintiff contends that Plaintiff and Class Plaintiffs are owed unpaid wages and overtime compensation which were denied to them as a result of Defendant's unlawful pay practices.

3.      Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims as those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

7.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

8.      Plaintiff Nicole Chapman is a citizen of the United States and Pennsylvania and currently resides at 6350 Greene Street, Apartment 311, Philadelphia, PA 19144.

9.      Upon information and belief, A + Home Health Care, LLC d/b/a A + Home Care

is a business duly organized and existing under the laws of the Commonwealth of Pennsylvania,

with an address registered with the Pennsylvania Secretary of State of 4192 Applebutter Road,

Perkasie, PA 18944 and a principal place of business located at 2551 Peachtree Drive, Perkasie,

PA 18944.

10.      Defendant is a "private employer" and covered by the FLSA.

11.      Plaintiff and Class Plaintiffs are employees who have been employed by Defendant

during all relevant times hereto and, as such, are employees entitled to the FLSA's protections.

See 29 U.S.C. § 203(e).

12.      At all times relevant hereto, Defendant acted or failed to act through its agents,

servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the

course and scope of their employment and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.      Paragraphs 1 through 12 are hereby incorporated by reference as though the same

were fully set forth at length herein.

14.      This action is brought as a collective action to recover unpaid compensation and

overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and

damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

15.      Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually

and on behalf of all other similarly situated persons presently or formerly employed by Defendant

in the position of Home Health Aide or in positions with substantially similar job duties, who

worked for Defendant at any point in the past three (3) years who were paid on an hourly basis and

denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty

3

(40) in a workweek ("Class Plaintiffs"). Plaintiff contends that Plaintiff and Class Plaintiffs were denied overtime compensation due to Defendant's policy and practice of: (a) misclassifying their Home Health Aides as independent contractors under the FLSA/PMWA; and/or (b) failing to accurately track and compensate Plaintiff and Class Plaintiffs for all hours worked.

16.     Plaintiff estimates that there are in excess of fifty (50) other similarly situated Home Health Aides who either are working or worked for Defendant and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

17.     Pursuant to 29 U.S.C § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated. Plaintiff and Class Plaintiffs were similarly denied overtime compensation at 1.5 times their regular rate of pay as a result of Defendant's misclassification of them as independent contractors and/or failure to accurately track and compensate them for all hours worked, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

18.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them to the pendency of this

action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of

seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## PMWA CLASS ACTION ALLEGATIONS

19.    Paragraphs 1 through 18 are hereby incorporated by reference as though the same

were set forth fully herein.

20.    Plaintiff brings this action individually, and on behalf of the following state-wide

class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant during the past three (3)
> years in the position of Home Health Aide or in positions with substantially similar
> job duties who were paid on an hourly basis and denied overtime compensation for
> work performed in excess of forty (40) hours in a workweek.

21.    The members of the class are so numerous that joinder of all members is

impractical. Class members may be informed of the pendency of this Class Action by direct mail.

22.    Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and

fact common to the Class, including, but not limited to:

A.    Whether Plaintiff and Class Plaintiffs are entitled to overtime compensation for

services rendered in excess of forty (40) hours per week under the PMWA;

B.    Whether Defendants improperly classified Plaintiff and Class Plaintiffs as

independent contractors rather than employees under the PMWA;

C.    Whether Defendant failed to accurately track and maintain records of the hours

worked by Plaintiff and Class Plaintiffs; and

D.    Whether Plaintiff and Class Plaintiffs worked in excess of forty (40) hours per

week.

23.    Plaintiff will fairly and adequately represent and protect the interests of the Class.

Plaintiff is similarly situated to the Class and has no conflict with the Class members.

24.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

25.    Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.    The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.    Defendant, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.    The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to consideration of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

26.    A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying

adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interest.

## FACTUAL BACKGROUND

27.     Paragraphs 1 through 26 are hereby incorporated by reference as though the same were fully set forth at length herein.

28.     In or around October 2017, Defendant hired Plaintiff into the position of Home Health Aide.

29.     For tax year 2017, Defendant issued Plaintiff a Form W-2.

30.     However, despite the fact that her job duties and conditions of employment remained the same, for tax year 2018 Defendant compensated Plaintiff as an independent contractor, reporting her earnings on a Form 1099.

### Facts Pertaining to the Collective/Class Claims

31.     Paragraphs 1 through 30 are hereby incorporated by reference as though the same were fully set forth at length herein.

32.     In their capacity as Home Health Aides, Plaintiff and Class Plaintiffs provide one-on-one therapy according to a treatment plan provided by Defendant which included emotional support, bodily care, and other health and safety treatments proscribed by Defendant.

33.     Plaintiff and Class Plaintiffs' primary job responsibilities in their capacity as Home Health Aide include meeting and interacting with clients and/or family members through face-to-face encounters as well as through phone conversations, and entering timesheets, notes, and other information to submit to Defendant via email.

34.     Plaintiff and Class Plaintiffs provide the aforementioned services on a schedule determined by Defendant, who instructs Plaintiff and Class Plaintiffs where and when to report to work.

35.     Plaintiff and Class Plaintiffs are required to perform the aforementioned work in accordance with certain specific guidelines, protocols, and trainings provided by Defendant.

36.     For example, Plaintiff and Class Plaintiffs were/are required to follow a specific treatment plan for each client which is designated and provided by Defendant.

37.     During the course of Plaintiff's employment, Defendant classified a significant portion of its Home Health Aides as independent contractors while classifying other individuals it employed in the position of Home Health Aide as employees within the meaning of the FLSA and PMWA.

38.     By way of example, for tax year 2017, Plaintiff received a tax Form W-2. Subsequently, for tax year 2018, Defendant paid Plaintiff on a 1099 as an independent contractor.

39.     Additionally, Plaintiff was informed Defendant could not afford to pay her overtime for hours worked in excess of forty (40) hours per week.

40.     Defendant paid Plaintiff her regular rate of pay (i.e. "straight time") for all hours worked.

41.     Providing Home Health Aide services is an integral part of Defendant's business.

42.     Upon information and belief, apart from their classification as independent contractors, Plaintiff and, upon information and belief, Class Plaintiffs, had effectively the same job duties, responsibilities, and conditions of employment as the Home Health Aides employed by Defendant as "employees" within the meaning of the FLSA and PMWA.

43.     Plaintiff was compensated on an hourly basis and did not receive overtime compensation at a rate not less than 1.5 times her regular rate of pay for work performed over forty (40) hours in a workweek.

44.     Rather, Plaintiff was merely paid the same hourly rate for all hours of work performed in excess of forty (40) hours in a workweek.

45.     Upon information and belief, Class Plaintiffs were compensated on an hourly basis and did not receive overtime compensation at a rate not less than 1.5 times their regular rate of pay for work performed over forty (40) hours in a workweek.

46.     Rather, upon information and belief, Class Plaintiffs were merely paid the same hourly rate for all hours of work performed in excess of forty (40) hours in a workweek.

47.     During a typical workday, Monday through Friday, Plaintiff, and upon information and belief, Class Plaintiffs who work as Home Health Aides, typically begin work at or around 7:00 am, when they are scheduled to arrive at their assigned client's home. They continue to work until their scheduled end hour at or around midnight. Additionally, Plaintiff, and upon information and belief, Class Plaintiffs, typically begin work at 7:00 am and their scheduled shift ends at or around 11:00 pm, Saturday and Sunday.

48.     As a result, during a typical workweek, Plaintiff performed, on average, approximately sixty (60) to ninety (90) hours of work for Defendant. As of January 2019, Plaintiff performs, on average, approximately one hundred and four (104) hours of work for Defendant per workweek.

49.     For example, Plaintiff worked approximately one hundred and four (104) hours the week of January 14, 2019 to January 20, 2019, but was not paid overtime. Further, Plaintiff worked

approximately eighty (80) hours the week of June 10, 2018 to June 17, 2018, but was not paid overtime.

50.    Defendant unlawfully misclassified Plaintiff and Class Plaintiffs working as Home Health Aides as independent contractors, thus determining that they were not entitled to overtime compensation under the FLSA and PMWA.

51.    Defendant failed to pay Plaintiff and Class Plaintiffs working as Home Health Aides any overtime compensation for the hours worked over forty (40) in a workweek.

52.    Defendant continues to deny Plaintiff and Class Plaintiffs wages and overtime compensation for compensable work performed by Plaintiff and Class Plaintiffs.

53.    Plaintiff and Class Plaintiffs are paid on an hourly basis, and, as such, do not qualify for the executive, administrative, or professional exemptions under the FLSA/PMWA.

54.    Plaintiff and Class Plaintiffs do not have the authority to hire, fire, or discipline other employees of Defendant, nor do they make recommendations with respect to employee status changes to which Defendant gives substantial weight.

55.    Accordingly, Plaintiff and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA/PMWA.

56.    Plaintiff and Class Plaintiffs do no perform work directly related to Defendant's management or general business operations, nor do they exercise discretion or independent judgment regarding matters of significance to Defendant.

57.    Accordingly, Plaintiff and Class Plaintiffs are not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

58.    Plaintiff's and Class Plaintiffs' primary duty does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or

learning acquired through a prolonged course of intellectual instruction. In this regard, Plaintiff's and Class Plaintiffs' job duties do not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work. Rather, Plaintiff and Class Plaintiffs' are required to perform their job responsibilities in accordance with specific guidelines, protocols, procedures, and trainings provided by Defendant.

59.     Accordingly, Plaintiff and Class Plaintiffs are not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

60.     Upon information and belief, Defendant is a home care agency and/or third-party employer.

61.     The vast majority of Plaintiff's and, upon information and belief, Class Plaintiffs work time was spent performing services not related to the provision of fellowship and protection services.

62.     In fact, Plaintiff and, upon information and belief, Class Plaintiffs spent a significant portion of their work time providing care to Defendant's clients, including, but not limited to, driving, meal preparation, feeding, dressing, assisting physical taking of medications, arranging medical care, and light housework.

63.     Accordingly, Plaintiff and Class Plaintiffs are/were not exempt from overtime compensation pursuant to the exemption for companionship services.

64.     Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

65.     Plaintiff and Class Plaintiffs are, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

66.     As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## CLAIM FOR FAILURE TO PAY OVERTIME COMPENSATION

67.     Paragraphs 1 through 66 are hereby incorporated by reference as though the same were fully set forth at length herein.

68.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

69.     Moreover, under section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

70.     Defendant misclassified Plaintiff and Class Plaintiffs as independent contractors, rather than employees, within the meaning of the FLSA/PMWA, thus failing to pay them overtime compensation for all hours worked over forty (40) in a workweek.

71.     Defendant failed to accurately track and maintain records of all hours worked by Plaintiff and Class Plaintiffs.

72.     As a result, Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

73.     The foregoing action of Defendant and the policies and practices of Defendant violate the FLSA.

74.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

75.     Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs:

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant in the positions of Home Health Aide or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were paid on an hourly basis and denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.      Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.      Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*
### CLAIM FOR FAILURE TO PAY OVERTIME COMPENSATION

76.     Paragraphs 1 through 75 are hereby incorporated by reference as though the same were fully set forth at length herein.

77.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

78.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

14

79.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours worked.

80.     As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class Plaintiffs, prays for judgment against Defendant as follows:

A.     An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and her counsel as class counsel;

B.     An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.     An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____

Michael Murphy, Esquire
Michael Groh, Esquire
Edmund C. Celiesius, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
ec@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: 5/22/19

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class/Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.